### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EVA "MAE" NANCE, *individually and as Special Administrator of the Estate of Lawrence Nance*, | ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 09-cv-1021-JPG |
| | ) |
| ACTAVIS TOTOWA, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on its own initiative for purposes of case management.

The Court has an independent duty to ensure that it has subject matter jurisdiction to hear cases brought before it. *Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994). After initial review of the Complaint (Doc. 2), the Court finds Plaintiff Eva "Mae" Nance's  jurisdictional allegations to be insufficient. *See Id.*; *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992).

Federal courts have jurisdiction over a civil action between citizens of different states. 28 U.S.C. § 1332 (2006). Pursuant to § 1332(c)(2), the legal representative of an estate is a citizen of the same state as the decedent. *See Gustafson v. zumBrunnen*, 546 F.3d 398, 400 (7th Cir. 2008). In her complaint, Nance merely alleges the residence of the decedent, not his citizenship. While the decedent's residence and citizenship are likely the same in this case, it cannot be ignored that the current pleading fails to establish diversity jurisdiction.

Accordingly, the Court **ORDERS** Nance to amend her complaint to correct this and any other jurisdictional defects by January 8, 2010. *See Tylka v. Gerber Prods. Co.*, 211 F.3d 445,

448 (7th Cir. 2000).  If she fails to do so, the Court will dismiss this case for lack of subject

matter jurisdiction.

**IT IS SO ORDERED.**
**DATED: December 11, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
